# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 22-477V**
(not to be published)

| | |
|---|---|
| PATRICIA STEWART-ROBINSON, Petitioner, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | Chief Special Master Corcoran<br>Filed: January 3, 2023<br>Reissued for Public Availability: January 31, 2023 |

*Randall G. Knutson,* Knutson & Casey Law Firm, Mankato, MN, for Petitioner.

*Alexa Roggenkamp,* U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION GRANTING IN PART INTERIM AWARD OF ATTORNEY'S FEES AND COSTS** [1]

On April 28, 2022, Patricia Stewart-Robinson filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she suffered from transverse myelitis ("TM") and multiple sclerosis ("MS") after receipt of an influenza ("flu") vaccine on September 25, 2019. Petition (ECF No. 1) at 1, 4.

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

Pursuant to Vaccine Rule 18(b), this Decision was initially filed on January 3, 2023, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the court's website.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

The claim was filed less than a year ago. After its assignment to me, Respondent filed a Rule 4(c) Report and Motion to Dismiss (ECF Nos. 20-21), in response to my initial reaction to the claim shared with the parties during a July 28, 2022 status conference (ECF No. 16). At that time, I noted that MS appeared to be the proper diagnosis for Petitioner, but that (based on my prior experience deciding similar cases) I was unlikely to find that reliable science supports the contention that the flu vaccine can cause MS. ECF No. 16 at 1-2.

Thereafter, Petitioner's counsel alerted me that he intended to withdraw from the matter, and I ordered him to file a motion to withdraw as attorney along with a motion for interim fees and costs. *Scheduling Order*, dated December 13, 2021. The fees request accompanying counsel's withdrawal has been filed. Motion, dated December 15, 2022 (ECF No. 24). Petitioner requests a total of $15,932.01 in attorney's fees and costs ($14,185.00 in fees plus $1,747.01 in costs) for the work of attorney Mr. Randall Knutson and a paralegal, from October 2019 to the present date. ECF No. 24 at 2.

Respondent reacted to the fees request on December 21, 2022. *See* Response, December 21, 2022 (ECF No. 25). Respondent defers the calculation of the amount to be awarded to my discretion. *Id.* at 4.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$15,928.01.**

## ANALYSIS

### I. Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs*., No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Also, relevant herein are the standards governing interim awards—meaning fees awards issued while a case is still pending. *See generally Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

There is no presumption of entitlement to interim awards, but special masters may in their discretion permit such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards governing fees. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. However, there must be *some* showing that a petitioner's circumstances render an interim award just. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) whether the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; and/or 3) whether the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017).

Despite the skepticism I have for the claim's ultimate viability, I find that sufficient objective proof exists in support of the claim's framework to support a reasonable basis finding. The record evidence establishes both that Petitioner was thought to suffer from TM prior to her MS diagnosis. And although I have repeatedly to date ruled against similar claims, I do not find that the theory offered herein is so discredited that it could *never* succeed. Thus, the claim has sufficient reasonable basis *at this point* to permit a fees award. In addition, I discern no other reasons to deny fees, and consider a fees award appropriate in most cases when counsel withdraws, even if the claim's ultimate disposition remains.

## II. Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

| | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|
| **Randall Knutson (Attorney)** | $365.00 | - | $365.00 | $365.00 |
| **Paralegal** | $140.00 | $140.00 | $140.00 | $140.00 |

ECF No. 24 at 5–11.

Mr. Knutson has been recognized to practice in forum, entitling him to commensurate rates established in *McCulloch*. *See Golding v. Sec'y of Health & Hum. Servs.*, No. 16-1132V, 2019 WL 3753273, at *2 (Fed. Cl. Spec. Mstr. July 18, 2019). The requested rate for Mr. Knutson is consistent with what has previously been awarded in accordance with the Office of Special Masters' fee schedule.[5] *See Brooks v. Sec'y of Health & Hum. Servs.*, No. 18-1195V, 2020 WL 6144797, at *2 (Fed. Cl. Spec. Mstr. Sept. 24, 2020). I will thus award the rates requested, along with all time devoted to the matter to date.

One small adjustment to paralegal time is called for, however. In previous cases, Mr. Knutson's paralegal rate in 2019 was set at $130.00, but here the higher rate of $140.00 was requested. *See Stephens v. Sec'y of Health & Hum. Servs.*, No. 18-23V, 2022 WL 16583901, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2022). Therefore, instead of a total of $56.00 for the 2019 paralegal time, the correct total is $52.00—a difference of $4.00. This results in a small reduction of awardable fees to $14,181.00, for all work performed in this case for paralegal matters.

## III. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $1,747.01 in outstanding costs, consisting of medical record retrieval costs and costs associated with the Court's filing fee. ECF No. 24 at 12. All requested costs in this matter appear reasonable, and they shall also be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT IN PART** Petitioner's Motion for an Interim Attorney's Fees and Costs, awarding a total of **$15,928.01,** reflecting $14,181.00 in attorney's fees and $1,747.01 in costs in the form of a check made jointly payable to Petitioner and her attorney Mr. Randall Knutson.

In the absence of a Motion for rReview filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

Brian H. Corcoran
Chief Special Master

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.